# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist SAMUEL E. NEALY III**
**United States Army, Appellant**

ARMY 20140029

Headquarters, I Corps
David L. Conn, Military Judge
Colonel William R. Martin, Staff Judge Advocate (pretrial)
Lieutenant Colonel Karen W. Riddle, Acting Staff Judge Advocate (recommendation)
Colonel Randall J. Bagwell, Staff Judge Advocate (addendum)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Scott A. Martin, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Captain Linda Chavez, JA (on brief).

30 June 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A panel with enlisted representation, sitting as a general court-martial, convicted appellant, contrary to his pleas of false official statement, aggravated sexual assault, and forcible sodomy in violation of Articles 107, 120, and 125 Uniform Code of Military Justice, 10 U.S.C. §§ 907, 920, 925 (2006 & Supp. IV 2010; 2012) [hereinafter UCMJ]. After findings, the military judge found the aggravated sexual assault conviction to be "multiplicious for findings" and merged it with the forcible sodomy conviction. The military judge then dismissed the aggravated sexual assault specification. The panel sentenced appellant to a bad-conduct discharge, ninety days confinement, and reduction to E-1. The convening authority approved the only so much of the sentence that provided for a bad-conduct discharge, confinement for sixty days, and reduction to the grade of E-1.[1]

---

[1] According to the staff judge advocate's post-trial addendum, the convening authority reduced appellant's sentence by thirty days to alleviate any prejudice that may have been caused by post-trial delay.

Appellant's case is before this court for review under Article 66, UCMJ. Appellant counsel raises three errors, one of which merit discussion and relief.[2] After review of the entire record, we are not convinced beyond a reasonable doubt as to two elements of appellant's conviction for false official statement. We will provide relief in our decretal paragraph.

In accordance with Article 66(c), UCMJ, we review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Humphreys*, 57 M.J. 83, 94 (C.A.A.F. 2002). In resolving questions of legal sufficiency, we are "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325.

The Specification of Charge III alleged appellant:

> on or about 18 March 2013, with intent to deceive make to Special Agent J.M., US. Army, an official statement, to wit: "I only performed oral sex on her," or words to that effect, which statement was totally false and was then known by the [appellant] to be so false.

The evidence introduced at trial to support this allegation was the testimony of U.S. Army Criminal Investigation Command (CID) Special Agent (SA) JM and the videotaped interview of appellant where appellant stated, "I only performed oral sex on her," the testimony of another Special Agent, SA AV, who interviewed appellant on 27 March and a written statement from the 27 March 2013 interview. The following is reflected in the question and answer portion of appellant's written statement from 27 March 2013:

> Q: You lied in your previous statement. Why?
>
> A: Lies of omission are still lies. I did not remember the details I added to this statement that were not present in the last.

---

[2] We have also reviewed the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and they are without merit.

On cross-examination SA AV was asked,

> Q:  I'm just going to start with that statement about lies of omissions.  [Appellant] said, "I did not remember the details I added to this statement that were not present in the last, correct?
>
> A:  That's what on the paper, yes, sir; right.
>
> Q:  So if he did remember something that's not a lie is it?
>
> A:  If someone doesn't remember something?
>
> Q:  That's not a lie?
>
> A:  Correct

Appellant's second statement to SA AV provided more details of the incident in question, but did not change the crux of the initial statement "I only performed oral sex on her." The government presented no evident to show that appellant knew his statement was false at the time of signing it and that the statement was made with the intent to deceive.  The fact that one does not remember something does not transform the lack of recollection to a false official statement.

## CONCLUSION

Having completed our review and in consideration of the entire record, the Specification of Charge III and Charge III are dismissed.

The remaining findings of guilty are AFFIRMED.  We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).  We are confident that based on the entire record and appellant's course of conduct, the panel would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court